**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT - 3 2007

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | No. 4:07CR00308 WRW |
| | ) | |
| **v.** | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 2 |
| | ) | 18 U.S.C. §1956(h) |
| **JACKIE E. PORCHAY** | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| **YOLANDA SUMMONS** | ) | |
| **MICHELLE MCBRIDE** | ) | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT 1

From in or about 2004 through in or about July, 2006, in the Eastern District of Arkansas and elsewhere, the defendants,

### JACKIE E. PORCHAY and
### MICHELLE MCBRIDE

voluntarily and intentionally conspired with Harold Kelley and with other persons known and unknown to the grand jury to possess 5 kilograms or more of cocaine hydrochloride, a Schedule II controlled substance, with the intent to distribute thereby violating Title 21, United States Code, Section 841.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

From in or about 2004 through in or about August, 2007, , in the Eastern District of Arkansas and elsewhere, the defendants,

### JACKIE E. PORCHAY and
### YOLANDA SUMMONS

and Harold Kelley, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, voluntarily and intentionally conspired to conduct a financial transaction which, in fact, involved the proceeds of specified unlawful activity knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3

In or about September 2004, in the Eastern District of Arkansas, the defendant

### JACKIE E. PORCHAY

and Harold Kelley, aiding and abetting one another,  knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity conducted a financial transaction which in fact involved the proceeds of specified unlawful activity,  knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity in that Kelley purchased a 2004 Suzuki motorcycle for approximately $9500.00 and arranged to have the motorcycle titled in PORCHAY's name.

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT 4

On or about February 7, 2005, in the Eastern District of Arkansas, the defendant

### JACKIE E. PORCHAY

and Harold Kelley, aiding and abetting one another, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity conducted a financial transaction which in fact involved the proceeds of specified unlawful activity, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity in that Kelley and PORCHAY arranged to purchase a 2002 Volkswagen Beetle paying $8,000 in cash toward the purchase price of approximately $16,599.

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT 5

On or about May 26, 2005, in the Eastern District of Arkansas, the defendant

### JACKIE E. PORCHAY

and Harold Kelley, aiding and abetting one another, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity conducted a financial transaction which in fact involved the proceeds of specified unlawful activity, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity in that Kelley and PORCHAY arranged to purchase a 2004 Cadillac Escalade by trading in the Volkswagen Beetle referred to in Count 4 and paying $7,987 in cash toward the $42,099 purchase price.

-3-

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT 6

In or about June 2, 2005, in the Eastern District of Arkansas, the defendant

### JACKIE E. PORCHAY

and Harold Kelley, aiding and abetting one another,  knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity conducted a financial transaction which in fact involved the proceeds of specified unlawful activity,  knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity in that Kelley and PORCHAY arranged to pay off a loan on a 2000 Honda Accord with $5,692.46 in cash.

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT 7

In or about October, 2005, in the Eastern District of Arkansas, the defendant

### JACKIE E. PORCHAY

and Harold Kelley, aiding and abetting one another,  knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity conducted a financial transaction which in fact involved the proceeds of specified unlawful activity,  knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity in that PORCHAY spent $3,700 to purchase wheels for a 2002 Yukon.

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT 8

On or about December 3, 2005, in the Eastern District of Arkansas, the defendant

### JACKIE E. PORCHAY

and Harold Kelley, aiding and abetting one another, knowing that the property involved in a

financial transaction represented the proceeds of some form of unlawful activity conducted a

financial transaction which in fact involved the proceeds of specified unlawful activity, knowing

that the transaction was designed in whole or in part to conceal and disguise the nature, the location,

the source, the ownership and the control of the proceeds of specified unlawful activity in that Kelley

purchased a 2001 Monte Carlo SS for approximately $15,000 and arranged with PORCHAY to have

it titled in her name.

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

### FORFEITURE ALLEGATION 1

Upon conviction of the controlled substance offense alleged in Count 1 of this

Indictment, defendant, JACKIE E. PORCHAY shall forfeit to the United States pursuant to

21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or

indirectly, as a result of the said violations and any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of the said violations, including but not

limited to the following:

(1) 2002 Yukon

If any of the above-described forfeitable property, as a result of any act or omission of

the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p),  to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

## FORFEITURE ALLEGATION 2

1.  Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction for one or more of the offenses set forth in Counts 2 OF this Indictment, the defendant shall forfeit to the United States the following property:

a. All right, title and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant in convicted, and all property traceable to such property, including the following:  1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.  Such property including but is not limited to, the following:

(1) 2002 Yukon Denali, VIN # 1GKFK66U82J316765

2.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the property described in paragraph 1, if, by any act or omission of the defendant, the property

described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(END OF TEXT.  SIGNATURE PAGE ATTACHED).