**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                              **4:07CR00308(1-3)-WRW**

**JACKIE PORCHAY**
**YOLANDA SUMMONS,**
**MICHELLE MCBRIDE**

**ORDER**

Pending is the Prosecution's Motion to Transfer.[1] Separate Defendant Jackie Porchay ("Porchay") objects to the transfer.[2] Separate Defendants Yolanda Summons and Michelle McBride did not respond.

Also pending are Porchay's Motion for Discovery,[3] Motion to Suppress,[4] Motion for Discovery of Grand Jury Testimony,[5] Motion to Dismiss or in the Alternative Motion to Stay the Proceedings,[6] and Motion to Show Cause.[7] The Prosecution responded to each motion.[8]

---

[1] Doc. No. 10.

[2] Doc. No. 19.

[3] Doc. No. 20.

[4] Doc. No. 21.

[5] Doc. No. 22.

[6] Doc. No. 29.

[7] Doc. No. 30.

[8] Doc. Nos. 26, 27, 31, 33, and 34.

**I. Background**

Porchay was first indicted in 2006,[9] and her case was assigned to Chief Judge Holmes. Porchay was charged in a superceding indictment with conspiring to possess five kilograms or more of cocaine hydrochloride, and conspiring to conduct a financial transaction to conceal illegal proceeds.[10] In October 2006 the prosecution dismissed these charges without prejudice.[11]

On October 3, 3007, Porchay was indicted a second time and was charged with conspiring to possess five kilograms or more of cocaine hydrochloride, conspiring to conduct a financial transaction involving illegal proceeds, and conducting a financial transaction involving illegal proceeds.[12]

The Prosecution ask that this case be transferred to Judge Holmes because substantial litigation of the same facts and issues took place while the first indictment was pending. Porchay objects to a transfer and argues that the pending indictment is improper and is the product of retaliatory motives.

---

[9]*United States of America v. Samuel Gonzales Briones, Harold Jerome Kelley, Jacquelyn Porchay, and Tony Dewayne Thomas,* 4:06-CR-00082 (E.D. Ark. filed March 8, 2006).

[10]*Id.* at Doc. No. 36.

[11]*Id.* at Doc. Nos. 221 and 223.

[12]Doc. No. 1.

**II. Discussion**

Transferring civil actions is governed by 28 U.S.C. § 1404(a), and district courts have broad discretion to grant or deny a motion to transfer under § 1404(a).[13]

Transfers in criminal matters are governed by Rule 21(b) of the Federal Rules of Criminal Procedure. Rule 21(b) is analogous to 28 U.S.C. § 1404(a),[14] and decisions involving civil transfer provide guidance for criminal transfer.[15]

However, Rule 21(b) differs from its civil counterpart in one critical respect -- it authorizes the transfer of a criminal case *only* on a *defendant's* motion.[16] In this case, the Prosecution, not Defendant, moved for a transfer. In addition, Porchay objects. Based on this, the Prosecution's motion to transfer (Doc. No. 10) is DENIED.

On the remaining motions, I find:

1. Porchay's Motion to Compel Discovery (Doc. No. 20) is GRANTED in part and DENIED in part. Porchay's request for oral and written statements under Fed. R. Crim. P. 16(1)(a) and (1)(b) is GRANTED; Porchay's request for her prior record under Fed. R. Crim. P. 16(D) is GRANTED; Porchay's request for scientific tests and evidence under Fed. R. Crim. P. 16(F) is GRANTED. Porchay's request for rough notes, memos from the arresting officer, dispatch tapes, agent reports, and prosecution reports is DENIED. Under the rules of criminal procedure, reports, memoranda, or other internal government documents created by a

---

[13]*Federal Deposit Insurance Corp. v. Citizens Bank and Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979).

[14]*United States v. McManus*, 535 F.2d 460 (8th Cir. 1976).

[15]2 Charles A. Wright, Federal Practice and Procedure § 344 (3d ed. 2000).

[16]*United States v. Choate*, 276 F.2d 724, 729 (5th Cir. 1960).

3

government agent in connection with the investigation or prosecution of the case are immune from discovery.[17]  Porchay's remaining requests to compel discovery require additional briefs. The Prosecution must file a supplemental response to the remaining discovery issues no later than 5:00 p.m., Friday, December 7, 2007, and Porchay may reply no later than 5:00 p.m., Friday, December 14, 2007.   If requested, oral arguments will be heard.

    2.  Porchay's Motion to Suppress (Doc. No. 21) is taken UNDER ADVISEMENT and will be considered after an evidentiary hearing.  Because a similar motion was decided in the first case, the Prosecution and Porchay must file simultaneous briefs no later than 5:00 p.m., Friday, December 14, 2007 explaining if collateral estoppel should be applied in this case.

    3.  Porchay's Motion to Discover the Grand Jury Testimony of Agent Woodie (Doc. No. 22) is DENIED.  Agent Woodie has not been called to testify in the "trial of this case."[18] Therefore, his testimony is not subject to discovery.

    4.  Porchay's Motion to Dismiss, or in the Alternative, to Stay Proceedings (Doc. No. 29) is DENIED.  Unless Porchay shows substantial prejudice, dismissal of an indictment is not appropriate,[19] and she has not made this showing.  With respect to her alternative motion to stay, there is no showing that an Eighth Circuit ruling on the earlier motion will bar relitigation of the suppression of evidence in this case.[20]  Collateral estoppel is a common law principle that

---

[17] Fed. R. Crim. P. 16(a)(2); *United States v. Roach*, 28 F.3d 729, 734 (8th Cir. 1994).

[18] 18 U.S.C. § 3500(a).

[19] *U.S. v. Wadlington*, 233 F.3d 1067, 1074 (8th Cir. 2003) (citing *United States v. Morrison*, 449 U.S. 361, 365 (1981)).

[20] *U.S. v. Pelullo*, 14 F.3d 881, 893 (3d Cir. 1994); *People v. Aguilera*, 623 N.E.2d 519 (N.Y. 1993).

is applied primarily in civil actions. It has been applied in criminal case, but for the benefit of a defendant. Instances of invoking this principle *against* a defendant in criminal cases is rare.[21] As stated earlier, simultaneous briefs addressing collateral estoppel in this case must be filed.

    5. Porchay's Motion to Show Cause is DENIED. General Order 39 applies to "direct assignment"of criminal cases, not to transfers. Therefore, Porchay has not shown that the prosecution deliberately violated General Order 39.

The prosecution's supplemental response to Porchay's discovery request is due December 7, 2007, and Porchay's reply is due December 14, 2007. Simultaneous briefs on collateral estoppel are due December 14, 2007. A hearing on the suppression motion is scheduled for 9:30 a.m., Tuesday, January 8, 2008. The parties are directed to give notice if oral arguments on the remaining discovery issues will be made.

The reasonable time it takes to consider additional briefs and oral argument; to schedule a hearing and listen to testimony; and to make a final decision on Porchay's suppression and discovery motions is excludable under the Speedy Trial Act.[22] Motions filed by one defendant in a multi-defendant case are considered as filed by all Defendants, and reasonable time taken to determine those motions is excludable.[23]

---

[21]*Pelullo*, 14 F.3d at 889 (emphasis added).

[22]18 U.S.C. § 3161(h)(1)(F) (delays caused by pretrial motions are excluded).

[23]*U.S. v. Shepard*, 462 F.3d 847 (8th Cir. 2007) *U.S. v. Fuller*, 942 F.2d 454 (8th Cir. 1991); *U.S. v. Fogarty*, 692 F.2d 542 (8th Cir. 1982).

IT IS SO ORDERED this 26th day of November, 2007.


                                                 /s/Wm. R. Wilson, Jr.
                                     UNITED STATES DISTRICT JUDGE