**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                  **4:07CR00308-01-WRW**

**JACKIE PORCHAY**

**ORDER**

Pending is Defendant's Motion for Leave to Appeal Final Order of the District Court (Doc. No. 58, 68), to which the Prosecution has responded (Doc. No. 67).

**I. Background**

Porchay was first indicted in 2006,[1] and her case was assigned to Chief Judge Holmes. Porchay, along with others, were charged in a superceding indictment with conspiring to possess five kilograms or more of cocaine hydrochloride, and conspiring to conduct a financial transaction to conceal illegal proceeds.[2] In October 2006, the Prosecution dismissed these charges without prejudice.[3]

One year later, on October 3, 2007, Porchay, along with others, was charged with conspiracy to distribute cocaine and conspiracy to launder money in a second-superseding indictment.[4] On October 25, 2007, Porchay filed a Motion to Dismiss,[5] which was denied on

---

[1] *United States of America v. Samuel Gonzales Briones, Harold Jerome Kelly, Jacquelyn Porchay, and Tony Dewayne Thomas*, 4:06-CR-00082 (E.D. Ark. filed March 8, 2006).

[2] *Id.* at Doc. No. 36.

[3] *Id.* at Doc. Nos. 221 and 223.

[4] Doc. No. 1.

[5] Doc. No. 29.

November 26, 2007.[6] Porchay now requests permission to file an interlocutory appeal to appeal the Order denying her Motion to Dismiss with the Eight Circuit.

**II. Discussion**

28 U.S.C. § 1291 allows the court of appeals to review "all final decisions of the district courts of the United States." The Supreme Court has held that this statute, which permits departure from the rule of finality, is limited to a category of cases falling within the "collateral order" exception.[7] The collateral order exception permits immediate appeal of a pretrial order if: (1) the order conclusively determines the disputed question; (2) it resolves an important issue separate from the merits of the action; and (3) it must be effectively unreviewable on appeal from final judgment.[8]

The Eighth Circuit has held that 28 U.S.C. § 1291 prohibits appellate review until after conviction and sentencing except in a few limited situations.[9] Those limited situations are: (1) an order denying a motion to reduce bail; (2) an order denying a motion to dismiss an indictment on double jeopardy grounds; and (3) an order denying a motion to dismiss an indictment on speech or debate grounds.[10] The Supreme Court has rejected other attempts to immediately appeal a pretrial order denying a motion to dismiss an indictment.[11]

---

[6]Doc. No. 40.

[7]*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).

[8]*Id*. at 545-547.

[9]*United States v. Bailey*, 34 F.3d 683, 689 (8th Cir. 1994).

[10]*Id.*

[11]*Id.*

Porchay argues that an interlocutory appeal would be appropriate in this case because, she argues, it has satisfied the three-part set out in *Cohen*. She argues that the Prosecution's conduct should be seen as "effectively unreviewable on appeal from a final judgment." I disagree.

The collateral order exception does not permit immediate appeals of motions to dismiss. Denying dismissal on the grounds of prosecutorial misconduct does not fall within three limited situations set out in *Bailey*. Further, the Supreme Court held specifically that prosecutorial vindictiveness does not satisfy the test of being "effectively unreviewable on appeal from a final judgment."[12] Accordingly, Defendant's Motion for Leave to Appeal Final Order of the District Court is DENIED.

## III. Conclusion

Based on the collateral order test, Porchay is not entitled to file an interlocutory appeal. Accordingly, Defendant's Motion for Leave (Doc. Nos. 58 and 68) are DENIED.

IT IS SO ORDERED this 14th day of February, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12] *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982).