FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 18 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ß | |
| | ß | |
| Plaintiff, | ß | |
| v. | ß | No. 4:06CR00082 JLH |
| | ß | No: 4:07CR308-01 WRW |
| JACKIE PORCHAY | ß | |
| | ß | |
| Defendant. | ß | |

## MOTION TO QUASH INDICTMENT

The defendant, Jackie Porchay (Porchay), through her attorney, Larry E. Jarrett, and pursuant to the Fifth and Sixth Amendments of the United States Constitution, Federal Rules of Criminal Procedure, and Federal statutory and common law, respectfully moves this Court to set aside Counts 1 through 8 of the indictment.

**I.     Count 1 of the Indictment**     Count 1 of the indictment alleges that Jackie E. Porchay acted "voluntarily and intentionally" when she conspired with Harold Kelly to possess with intent to distribute 5 kilograms of cocaine "thereby violating" *21 U.S.C. 841*. The second paragraph of Count 1 reads in full: "All in violation of *Title 21, United States Code, Section 846*." (Emphasis added.)

Count 1 violates *Federal Rule of Criminal Procedure 8*. Paragraph 1 of Count 1 reads that Porchay conspired with Harold Kelly to possess cocaine with intent to distribute *"thereby violating* Title 21, United States Code, Section 841." (Emphasis added.) By using the words

*violating* Title 21, United States Code, Section 841." (Emphasis added.) By using the words "thereby violating" Count 1 charges Porchay with an actual violation of *21 U.S.C. 841*, rather than referencing it as the substantive offense that is the basis for a violation of *21 U.S.C. 846*. Compare the wording of the indictment in **United States v. Starr** which stated that the defendant conspired to distribute and possess a controlled substance "*in violation of* Title 21, United States Code, Section 841(a)(1) and Section 841(b)(1)(B)." (Emphasis added.) *21 U.S.C. 846*. **United States v. Starr, 584 F.2d 235** (8th Cir. 1978).

By using the words "thereby violating" instead of "in violation of," Count 1 of the indictment against Porchay charges that she violated *21 U.S.C. 841*. That being the case, paragraph 2 charges a second offense within Count 1.

Put more simply, saying a defendant conspired to do X "in violation of" a statute says that X is a violation, but not that the defendant actually violated that statute. But saying a defendant conspired to do X "thereby violating" the statute *does* charge that the defendant actually violated the statute. In Porchay's case, we have the latter wording. By using "thereby violating," Count 1 charges a violation of *21 U.S.C. 841*. And since Count 1 also charges Porchay with a violation of *21 U.S.C. 846*, the count charges two offenses and therefore violates **Federal Rule of Criminal Procedure 8(a)** and is defective.

**II.    Count 2 of the Indictment**          Count 2 of the indictment charges Porchay with conspiracy under *18 U.S.C. 1956(h)*. The basis for the conspiracy charge is an agreement between Porchay and others to violate *18 U.S.C. 1956(a)(1)(B)(i)*. And while it may be true that when the gist of a count in an indictment is conspiracy it is not necessary that the government allege with specificity the underlying substantive charge, the Constitution and laws of the United

States still require that the indictment be sufficiently specific that the defendant may prepare a defense. *Wong Tai, 273 U.S. at 81*, *Fed. R. Crim. P. 7(c)(1)*. Count 2 of the indictment fails this test. First, the count claims that "property" was involved in the *18 U.S.C. 1956(a)(1)(B)(i)* violation, but does not specify what the "property" was. Second, the count claims that this unknown "property" was involved in some "financial transaction," but again, the count does not identify the financial transaction. Third, the count states that this unknown "property" was involved in the unidentified "financial transaction" in order to "conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity…" However, the Count 2 does not identify the "specified unlawful activity."

The government may argue that the property and financial transactions of other counts in the indictment satisfy the deficiencies in Count 2. This argument must also fail. While it is true that Rule 7 of the Federal Rules of Criminal Procedure allows a count to incorporate allegations made in other counts (*Fed. R. Crim. P. 7(c)(1)*), Count 2 of the indictment does not reference any of the other counts. Each count of an indictment must withstand criticism on its own merits because "each count in an indictment is regarded as if it was a separate indictment." *Dunn v. United States, 284 U.S. 390, 393 (1932)*.

For these reasons, Count 2 of the indictment does not properly advise Porchay of the charges against her so that she may prepare a defense. The defect in the indictment violates both her Fifth and Sixth Amendment rights under the United States Constitution, as well as Rule 7 of the Federal Rules of Criminal Procedure.

### III.   Counts 3 Through 8 of the Indictment

Counts 3 through 8 all charge Porchay with violations of *Title 18, United States Code,*

*Section 1956(a)(1)(B)(i)*. The four elements required to prove and obtain a conviction for this offense are: (1) the defendant conducted, or attempted to conduct a financial transaction that affected interstate or foreign commerce; (2) the financial transaction involved proceeds of illegal activity; (3) defendant knew the property involved represented from unlawful activity; and (4) the defendant conducted or attempted to conduct the financial transaction knowing the transaction was "designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified unlawful activity." ***United States v. Phythian, 529 F.3d 807, 813 (2008), 18 U.S.C. β1956(a)(1)(B)(i) (2007)***.

First, Counts 3 through 8 all allege financial transactions, but none allege that the transactions affected interstate or foreign commerce. Second, Counts 3 through 8 fail to identify the illegal activity associated with the proceeds. And third, Counts 3 through 8 all fail to specify the unlawful activity that is required under element four. Therefore, Counts 3 through 8 are all defective in that they also fail to properly inform Porchay of the charges against her so that she may prepare a defense. And as in Count 2, these defects violate both her Fifth and Sixth Amendment rights under the United States Constitution, as well as Rule 7 of the Federal Rules of Criminal Procedure.

## IV.   Conclusion

Porchay urges the court to enforce Federal and statutory law in this case by quashing counts 1 through 8 of the indictment. Count 1 impermissibly charges two offenses, and Counts 2 through 8 all have defects due to the fact that they lack elements of the offenses charged.

Respectfully submitted,

/S/ Larry H. Jarrett
LARRY E. JARRETT
302 Centennial Blvd.
Richardson, Texas  75081
972.437.3801
972.496.6394 facsimile
J_man_86@msn.com
Texas Bar No. 10583500

## CERTIFICATE OF CONFERENCE

I, Larry E. Jarrett, hereby certify that on 14 November, 2008, I conferred with the Assistant United States Attorney assigned to this matter and she was not opposed to this motion.

/S/ Larry E. Jarrett
Larry E. Jarrett
Attorney at Law
SBN: 10583500

## CERTIFICATE OF SERVICE

I, Larry E. Jarrett, hereby certify that on    November, 2008, a copy of the foregoing motion was delivered to Angley Jegley, Richard Sheppard Arnold United States Courthouse, 600 W. Capitol Avenue, Little Rock, Arkansas 72201.

                                                            /S/ Larry E. Jarrett
                                                            Larry E. Jarrett
                                                            Attorney at Law
                                                           SBN: 10583500

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ß ß | |
| Plaintiff, | ß | |
| v. | ß | No. 4:06CR00082 JLH |
| | ß | |
| JACKIE PORCHAY | ß | |
| | ß | |
| Defendant. | ß | |

## ORDER SETTING HEARING

Defendant's **Motion to Quash Indictment** is set for hearing on the _____ day of _____, 200___ at _____ a.m. / p.m.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE